**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| RONY OMAR MARADIAGA, AKA Rony Maradiaga,<br><br>          Petitioner,<br><br>v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>          Respondent. | No.   15-72345<br><br>Agency No. A094-777-218<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 7, 2019[**]

Before: THOMAS, Chief Judge, HAWKINS and McKEOWN, Circuit Judges.

Rony Omar Maradiaga, a native and citizen of Honduras, petitions for

review of a Board of Immigrations Appeals' ("BIA") order dismissing his appeal

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

from an immigration judge's decision denying his application for cancellation of removal, withholding of removal, and relief pursuant to the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252.

We review de novo questions of law. *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence the agency's factual findings, *Singh v. Whitaker*, 914 F.3d 654, 658 (9th Cir. 2019), and we deny the petition.

Substantial evidence supports the agency's moral character determination, where Maradiaga gave false testimony for the purpose of obtaining an immigration benefit. *See* 8 U.S.C. § 1101(f)(6) ( an individual who "has given false testimony for the purpose of obtaining [immigration] benefits" cannot show good moral character); 8 U.S.C. § 1229b(b)(1)(B) (requiring good moral character for cancellation of removal); *Ramos v. INS*, 246 F.3d 1264, 1266 (9th Cir. 2001) (to preclude good moral character, the false testimony must have "been made orally and under oath, and the witness must have had the subjective intent to deceive for the purposes of obtaining immigration benefits.").

Regarding his claim for withholding of removal, the agency did not err in

finding that Maradiaga did not demonstrate he is eligible for relief as a member of a particular social group. *Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular social group, an applicant must establish that the groups is (1) composed of members who share a common immutable characteristic; (2) defined with particularity; and (3) socially distinct within the society in question) (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014)) .

Finally, substantial evidence also supports the BIA's determination that Maradiaga has not demonstrated it is more likely than not that he will experience torture upon his return to Honduras to be eligible for CAT relief. Maradiaga's testimony does not demonstrate that he is likely to face harm upon his return to Honduras, given the fact that he has not been personally threatened, nor harmed, by individuals in Honduras. *See Zheng v. Holder*, 644 F.3d 829, 835–36 (9th Cir. 2011) (holding that speculative claims of torture are insufficient to afford relief).

**PETITION FOR REVIEW DENIED.**